[Civ. No. 3409. First Appellate District, Division One.—May 28, 1920.]

KROGH MANUFACTURING COMPANY (a Corporation), Respondent, v. H. C. CHURCHILL et al., Appellants.

[1] EVIDENCE—ACTION FOR VALUE OF PUMP AND SERVICES—REASONABLE VALUE OF LABOR EXPENDED — EXPERT TESTIMONY.—In this action to recover the value of a pump installed by plaintiff on the defendants' ranch, pursuant to a contract for the purchase of the same, and for services and accessories in connection with its operation, the court properly permitted the manager of the plaintiff, who, before becoming manager for the plaintiff, had for many years been engaged in the pumping and engine business, and as a designer and chief engineer of an iron works, to testify as an expert as to the reasonable value of the mechanical labor expended on the pump.

[2] ID.—SPEED OF OPERATION OF PUMP—PROPER CROSS-EXAMINATION.—In such action, a witness called by the defendants to testify to certain work he had done on the pump after its installation who, on his direct examination, gave his expert opinion as to its construction and testified that in installing a pump it was necessary to regulate its capacity in accordance with the volume of water in the well, was properly allowed to be questioned, on cross-examination, regarding the speed of the pump in operation in relation to the amount of water in the well.

[3] ID.—CONTRADICTIONS IN TESTIMONY—PROVINCE OF TRIAL COURT.—In such an action, contradictions in the testimony of the witnesses for the plaintiff and the defendant as to whether the pump was properly constructed and installed and the weight to be given to the testimony of each of the witnesses is a matter addressed to the discretionary consideration of the trial court.

47 Cal. App.—50

APPEAL from a judgment of the Superior Court of Los Angeles County. Pat R. Parker, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

E. O. Leake and Goudge, Williams, Chandler & Hughes for Appellants.

Seth B. Smith for Respondent.

WASTE, P. J.—This is an appeal by the defendants from a judgment in favor of the plaintiff for the sum of $1,384, the value of a pump, installed on the defendants' ranch, pursuant to a contract for the purchase of the same, and for services and accessories in connection with its operation.

The defendants denied any indebtedness to the plaintiff and alleged that, by reason of the poor quality of the materials used in, the bad workmanship thereon, and the improper, negligent, and careless manner of installing the machinery which was the basis of the second and third counts of the complaint, the pump broke down, never at any time ran in a satisfactory manner, or reasonably well, and was absolutely worthless to the defendants. By reason of these facts defendants claimed to have suffered a loss of their lemon crop for the year 1913, amounting to the sum of $2,500, their orange and lemon groves being also damaged to the extent of $720, by reason of their being unable to secure water to irrigate the same. To these amounts defendants added the amounts of various repair bills, and by way of cross-complaint, prayed for judgment against the plaintiff in the sum of $3,701.16.

The lower court found that the plaintiff installed the pump and machinery on the defendants' ranch in a first-class and workmanlike condition, and duly performed all the conditions of its contract, with the exception that the eight-inch cylinder which the plaintiff first placed in the well became broken, by reason of inevitable accident, whereupon plaintiff replaced it with a seven-inch cylinder; that the pump thus equipped was accepted by the defendants, and was, at the time of its installation and at the time of

the trial, capable of pumping all the water in defendants' well, and of pumping twenty inches of water per minute, when pumping against a total head of 250 feet, as specified in the contract. It further found that the alleged breakdown and interruptions in the operation of the pump, subsequent to its installation, were not due to any defects in materials used by plaintiff in the construction of the pump, and were not due to, and did not result from, the manner in which the pump was constructed or installed, but, on the contrary, were due to the negligent and careless manner in which the defendants operated the pump, and to the negligence of the defendants' employees in overhauling same, and were further aggravated by lack of water in the defendants' well. The further findings were against the allegations of the cross-complaint, and the plaintiff was awarded judgment for the price of the pump as installed, together with $74 for certain services, material, and pump accessories.

In seeking a reversal of the judgment the appellants specify certain errors in the admission of testimony, insufficiency of the evidence to sustain the findings, and that the decision was against law.

[1] Whether or not the witness F. L. Emerson, manager of the plaintiff, was sufficiently qualified to testify as an expert as to the reasonable value of the mechanical labor expended on the pump was a matter for the determination of the trial court, and in the instant case its determination of the question was undoubtedly correct. Before becoming manager for the plaintiff the witness had for many years been engaged in the pumping and engine business and as a designer and chief engineer of an iron works. [2] The question propounded to Joseph Darracq, a witness for the defendants, on cross-examination, regarding the speed of the pump in operation in relation to the amount of water in the well, was proper. He was called by the defendants to testify to certain work he had done on the pump after its installation, and gave his expert opinion as to its construction. He also testified that in installing a pump it was necessary to regulate its capacity in accordance with the volume of water in the well. While, as argued by the appellants, the question of exhausting the water in the well was not an issue, the successful method of the in-

stallation and operation of the pump under varying conditions was testified to by the witness on his direct examination.

[3] As to the alleged insufficiency of the evidence, a careful reading of the testimony of the various witnesses, experts and others, called to testify as to the manner in which the pump was installed, and its working when in operation, develops only a marked conflict of testimony, which it was the province of the trial judge to consider and determine. There was competent evidence on the one side that the pump was workmanlike in its construction and properly installed in a first-class manner, and that if properly handled it would give satisfaction. On the other hand, witnesses for defendants testified to the contrary. The contradictions in the testimony and the weight to be given to the testimony of each of the witnesses was a matter addressed to the discretionary consideration of the trial court.

The judgment is affirmed.

Welch, J., *pro tem.*, and Richards, J., concurred.